UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHELIA AND JANICE ELLIS LONDON, TERRELL MILLER, MONICA EVERY, LIONEL AND LOUISE MOORE, JON JOHNSON, DELLA MOORE AND JENNIFER MOSS | CIVIL ACTION |
| VERSUS | NO. 07-8653 |
| ALLSTATE INSURANCE COMPANY | SECTION: "C" (4) |

**ORDER**

  This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their insurance policies with the Allstate Insurance Company ("Allstate"). The defendant removed based on diversity. Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons.

  The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the

Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

First, Allstate claims to have made payments on various claims; however, it argues that the payments do not reduce the amount in controversy below the jurisdictional minimum. Yet, this Court has ruled that in similar cases that any flood insurance recovery must be offset against any homeowners recovery because insurance policies are contracts of indemnity. *Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.).[1] In this case, the flood offset requirement weighs in favor of remand. According to Allstate, for example, Plaintiff Terrell

---

[1] The Court recognizes the apparent inequity in paying separate premiums for flood coverage and wind coverage and yet receiving what amounts to shared recovery under circumstances such as those presented in this case. That is an anomaly created by the fact that homeowners' policies do not usually cover flood loss and, to be sure of the coverage for all contingencies, both policies are needed. Katrina was unusual in the breadth of damage caused.

Miller had a homeowner's policy limit of $113,127 plus an undisclosed amount of Additional Living Expenses ("ALE"). Yet, Mr. Miller received $67,300 under his Allstate flood policy. Additionally, for those plainitffs who did not have flood insurance with Allstate, no information has been provided by either side as to what flood payments have been made, if any.

Moreover, Allstate's reliance on *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) is misplaced. Allstate cites *Allapattah Services* for the proposition that supplemental jurisdiction exists over all plaintiffs, if Allstate can show that the jurisdictional minimum is satisfied for one (1) plaintiff. This case is distinguishable from *Allapattah Services* because Section 1367 allows for supplemental jurisdiction over claims that are "so related . . . that they form part of the same case or controversy." Here, the plaintiffs' claims arise from the same disaster, Hurricane Katrina; however, the numerous plaintiffs own separate properties, and have separate claims under separate policies against Allstate. Thus, supplemental jurisdiction as applied in *Allapattah Services* under Section 1367 is not appropriate.

No allegations have been made that the pre-Katrina value of the properties was in excess of either policy limits or that the policy provides for reconstruction cost in excess of the policy limit. Therefore, it is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied. *See e.g.*, *Cuillier v. Allstate Ins. Co.*, 2007 WL 4591229 at *1 (E.D.La. December 28, 2007). Furthermore, in the plaintiffs' actual petition (Rec. Doc. 1, Exh. A, ¶ 5), they allege the amount claimed is not only below the level for federal jurisdiction, but also below the level for a state jury trial ($50,000).

Finally, Allstate claims that the plaintiffs' request for penalties and attorneys' fees swells the amount in controversy above the jurisdictional minimum; yet, the defendant must do more

than point to the possibility of attorneys' fees, and must present facts indicating the propriety of such penalties. *See Thompson v. Allstate Insurance Company*, 2007 WL 763219 (E.D.La. March 08, 2007).

Under these circumstances, Allstate's assertions are insufficient to invoke diversity jurisdiction. Because the properties have not been identified as total losses, the policy limits are an inappropriate guide for determining the jurisdictional minimum. Additionally, the remaining coverage is affected by any insurance payments made. Thus, it is neither facially apparent that the amount in controversy exceeds the jurisdictional minimum, nor has the defendant made a showing "sufficiently particularized" to meet its burden. The Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller, & E. Cooper, 14B *Federal Practice & Procedure: Civil* § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller, & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 16th day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE